May it please the Court. I'm Justin Wade here on behalf of Appellant Theodore Heinemann. With me on the Green Senate Council table is Mike King. I'd like to reserve three minutes for rebuttal. The District Court committed two errors in this case when it granted Mr. Satterberg's motion for summary judgment. First, the District Court erred by relying on Local Rule 7b-2 for the proposition that my client's failure to respond to summary judgment could be taken as an admission of merit. Second, the District Court erred by failing to explain its reason for granting summary judgment other than, of course, citing to the impermissible default basis and finding that summary judgment was appropriate. So assuming you're right about those things, we could still affirm, however, if on the record it was clear that he was entitled to summary judgment, yes? Yes, that's correct, Your Honor. And why isn't that the case? Well, there's a couple reasons here. First, there are sort of policy arguments, and that is to affirm on other grounds would really be to condone the District Court's failure to state its reasons on the record and to enter the default summary judgment. Wouldn't that be true of every case where we affirm on other grounds? Yes, Your Honor. So our doctrine that we can affirm on other grounds, we should throw out the window and say it's bad policy. Well, if you look at the Ninth Circuit precedent, Judge Rakoff, on the failure to state the reasons for summary judgment, you could start with Bambourg and go through and Ray McGlynn and end up with Couveau. I think what you'll find is that this Court has never gone in and affirmed on other grounds. And so I think that sends the message to the District Courts of this Circuit that this is really a hard and fast rule in this Circuit. And what this Circuit would want to avoid is going down the route of other Circuits that say... Are you saying that you read our case law in this Circuit as saying that although in every other kind of case we can affirm on other grounds if they are clear from the record, that in the case of a summary judgment that wasn't reasoned or otherwise was sufficient, that we can affirm on other grounds? That somehow, even though we've never enunciated it, that's our rule? I'm not saying this Court couldn't, Your Honor. I'm saying this Court never has as a matter of practice. And that it would be a bad practice to start now because it would send this Court down the road of saying, no, we mean this... At the same time, right? And for all concern. I mean, isn't that the whole point? If it's clear that there is a ground for affirmance, why go through the huge waste of judicial resources of sending the matter back when it can be disposed of to the benefit of all parties right here and now? Well, Your Honor, this Court has actually held that the judicial efficiency argument works in the other direction. And I would cite to you Couveau v. American Airlines. And in that case, the Court brought up the judicial efficiency argument and said it is less efficient to have the court of appeals scour through the record on the first instance. But we just did here. We don't have too much to scour. I mean, I would agree in some cases. But it would seem to me that, I mean, do you want us to give Judge Liasnik a slap on the hand? Is that the purpose of this? There's no new law here. So I'm not really sure what the remand would get you except more time and money spent on attorney's fees. Well, Your Honor, I would go to the actual merits of this case. How could this not be subject to prosecutorial immunity? That's a good point, Your Honor. If you look at my client's motion for discovery, granted it should have been a request. I don't need discovery for this, do you? I mean, why is this not subject to prosecutorial immunity? Under the case of Kalina v. Fletcher, and my client cited to that case, albeit under a different name under the name it was known as before it got to the U.S. Supreme Court. And in his motion for discovery, he asked for all investigative measures taken by the prosecutor. And what he's getting at is that under Kalina v. Fletcher, there is a way around prosecutorial immunity in Washington based on the nature of the way Washington charges crimes. And that is that the certification of probable cause when the prosecutor signs that document and attests to the facts in it as being true, that that is the act of a witness and not the traditional act of a prosecutor. And so in Kalina v. Fletcher, the U.S. Supreme Court, in the case arising from King County, allowed a 1983 action to proceed on the basis of false statements and the certification of probable cause. And, Your Honor, my client has not had the chance to conduct discovery to determine whether there were any false statements in that certification of probable cause. But that brings me to the other problem with the district court's handling of this case. And that is my client, he moved for discovery. He did it the wrong way. He did it by motion. The district court corrected him and said, you've got these tools under the federal rules of civil procedure and I want you to use them. And he said this on his March 19th order, the day before the motion for summary judgment was filed. And the district court said, you're going to conduct a joint status report. I'm going to issue a case scheduling order. It's going to proceed to discovery. And crucially, this is on ER 7 and 8, the district court said that during or after discovery there would be dispositive motions in this case. And the problem is, is my client never got to the during discovery phase. And so I would say he had a right to rely on that statement of the district court about the course of proceedings in this case and that he should be allowed to conduct discovery on the merits issues. And with that, I would like to reserve my three minutes for rebuttal. May I ask you, was that argument that you just made now, was that part of the opening brief or argument about discovery? No, Your Honor. We made the argument that the district court rushed this case into judgment. Thank you. Thank you. Good morning. May it please the Court. My name is David Elder, and I represent Daniel Satterberg, who is the elected King County prosecutor and the appellee in this case. The Court asked us, the parties, to address two issues. The first was this Local Rule 7b question about whether the judge abused his discretion in dismissing the case on that basis. The second was whether the district judge should have issued some form of a decision beyond the very short letter that he wrote and to address whatever issues they want. The ultimate outcome that we seek in this case is an affirmance on any basis that is supported by the record. We certainly acknowledge that Judge Lasnik did not write out a very thoroughly reasoned opinion in this case and that he did cite the Local Rule 7b without giving you or us, the parties, a thorough analysis of how it applied, how he applied it consistent with CR 56 and the Supreme Court's requirements that summary judgments not be granted solely by default. In this case, I would agree with the Court's prior questions that the record is a very straightforward one. This is the kind of case that we and the district court sees quite a lot of and it's the kind of case that is appropriate for disposition very early on, which is why we filed our motion in that way, and without the requirement of significant discovery. Our view is that none of the issues that have been raised here on appeal, none of the alleged fact questions would have had any impact on Judge Lasnik's decision making in this case. The question of prosecutorial immunity was specifically raised. Now, it is true that prior to Kalina v. Fletcher, charges in King County were made on information and the prosecutor certified certain facts. We got that message after the Supreme Court unanimously told us this wasn't a good idea and we stopped doing it, and this case was not charged that way. The record wasn't developed on that issue, but there really is no question about that and it certainly was not raised below by Mr. Heinemann. On the question of whether discovery should have been allowed. He didn't really have a chance to raise anything below, or he didn't raise anything below. That's why we're here. Right. Well, he could have. He could have filed a 56-F motion and asked for time to promote discovery. He could have sent us some discovery. He could have raised the issue with us directly when we filed our motion. He could have raised it at the discovery conference, which was conducted in this case. He had the opportunity to ask those questions, and he could have responded to the summary judgment motion and said to the court, in some fashion, well, I hear what they're saying, but I've got another theory. I want to find out whether Kalina v. Fletcher applies here. And he could have raised it with the district court, and he didn't do it. But the outcome, no matter what happened in the district court, would have been exactly the same. The charging decision in this case was not charged like Fletcher was. It would have been subject to prosecutorial immunity. The decision that there is jurisdiction in state court is clearly a prosecutorial function, and it's subject to immunity. They have raised in their briefing the question of whether there should have been discovery to identify who the individual prosecutors were who worked for Mr. Satterberg, who made the charging decision, to get past the IBM problem of not naming people who personally participated in the suit. And there's some suggestion that the initial disclosures were not made in this case. The record does not contain any indication on that issue. Those disclosures were made, but it's not in the record, because the case wasn't developed in that fashion. And we did identify who the individual prosecutors were. It still would not have saved him, because you still have the prosecutorial immunity problem, and you still have the legal problem that he faces with his underlying claim, which is that we shouldn't have charged him in state court. Would you remind me, after Judge Lasnik's rather brief and cryptic order, Mr. Heinemann didn't write to the court or call the court or say, stop, I need a chance to explain myself. He didn't do any of those things. There is a – his notice of appeal says that he didn't realize – he thought he had 60 days to respond, but that's not an issue that he raised to the court. And if he had done that, something that we certainly would have responded to. It may be something that we would have agreed to Judge Lasnik revisiting the judgment, or we would have supplemented the record with the facts that we were aware of about when Mr. Heinemann got notice of the motion, what his responses were to us directly, even though he didn't provide a response to the court and so forth. And that would have been the proper way to raise that issue for any party, whether they're a pro se or not. I get the impression from the way that counsel was appointed in the case and the order that we received from this court that it wanted these issues addressed that there is some inclination maybe by members of this bench to change the rule on whether or not in a CR 56 motion the judge is required to issue a written reasoned decision or at least a verbal decision, something that's on the record for the parties. I don't think you should infer anything from the questions asked other than that those are legal questions that are presented by the brief filed by the plaintiff and by the case. So those are divined, if you will, long before the case comes to us. So neither the circuit nor us has made any decision, although maybe not a bad idea if you suggest. But you really can't read anything into those is all I'm saying. Okay. I understand. Well, let me tell you, I don't think that parties to civil litigation are uniquely situated to advise the court on what the outcome, what the rule should be in that regard. But I would say, having thought about it, that the current practice, which is if the court cannot divine from the record what the outcome of this appeal should be, then it sends it back. Or if the court does not want to invest the time with a significant record of sorting it all out, then the court sends it back. But there is a class of cases where the most appropriate outcome for the sake of everybody involved and the time that gets expended in these cases is we have the case here, let's deal with it now. And I think that although it may not be the strongest message to the district courts that they need to be writing these more thorough opinions more often, it doesn't seem to have developed into a significant problem. I have not encountered this before. And I have a significant practice in the district court here. Unless the court has additional questions, I think I would just like to tell you what we want for the outcome to be in this case. I suspect you want to win. We want to win. Just a wild guess there. And if you are inclined to change the rule that it is not an absolute requirement that the district judge issue a written opinion, I would ask that you do that on a prospective basis and that you rule on the issues that we have presented to you so that these parties don't have to expend additional resources in this case. It appears there's no further questions. Thank you. Mr. Wade. Your Honor, Mr. Statenberg's point about the Kalina v. Fletcher really raises the procedural unfairness aspect of this case. In this case, my client, having read a U.S. Supreme Court case, thought he had a basis around prosecutorial immunity and now is informed that King County did not charge that way in this case. Well, it was King County's motion for summary judgment, and if they wanted to meet that burden of showing that they did not charge that way, then that should have been done. They're not the plaintiff. I mean, the problem here is that your client did not have you more skilled and knowledgeable speaking for him then. But there's no suggestion in the record that I see that, in fact, there is a way around that. Any reason why we should suspect that there's any there there is there. And that's why I'm here asking this Court to rule that the district court must explain its reasons for decision. And one of those reasons is to help facilitate appeals. I understand that, and I suspect once we say you can't rely upon or once our court, if it does decide that you can't rely upon the failure to respond and oppose a motion for summary judgment and that the court has to, I mean, in this case, the order does make reference to having examined the merits. It doesn't articulate the particular basis. It's probably a good practice to articulate the particular basis in the future. We still have the problem in this case. It's a de novo review of summary judgment. We'd have to look at it anyway, and you look at this record. It's not hard to figure out multiple reasons why the district court reached the conclusion that it did. Why should we send this case back for further exploration when there doesn't seem to be anything to explore? I think it goes back to the procedural unfairness aspect of this, Your Honor. My client is entitled to know why his case was dismissed. And once he knows that, he knows what he can do to fix it, if he needs to sue other people, if he never should have brought this action in the first place, if there is a way to fix it. Well, he's free to sue other people, but we've mentioned prosecutorial immunity. Suing the prosecutor is probably not a successful route. With that, Your Honor, I would also urge this court to state that local rules, like the local rule at issue here, no longer have any place after the 2010 amendments to the federal rules. Thank you. Thank you. The case just argued, Heinemann v. Satterberg, is submitted. I would like to thank you, Mr. Wade, for your argument. You're here as part of the court's pro bono program. And, of course, it's very helpful for the court to have sophisticated, helpful briefing. I think it's also helpful to the other side as well. So I want to thank you, Mr. Elred, as well, for your professionalism and your argument, and to Mr. King for continuing support of the court's pro bono program. Thank you.
judges: Rakoff, McKeown, Clifton